UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


JENNIFER ROOT o/b/o K.R.          :
                                  :
            v.                    :          C.A. No. 15-533M
                                  :
CAROLYN COLVIN, Acting            :
Commissioner of the Social Security :
Administration                    :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge


        This matter is before the Court for judicial review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying Social Security Insurance ("SSI")

under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on

behalf of her sister on December 17, 2015 seeking to reverse the decision of the Commissioner.  On

May 30, 2016, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.  (Document

No. 10).  On July 27, 2016, the Commissioner filed a Motion for an Order Affirming the Decision

of the  Commissioner.  (Document No. 13).  A Reply Brief was filed on October 13, 2016.

(Document No. 16).[1]

---

[1]   Pursuant to the Scheduling Order in this case (Document No. 8), a reply brief from Plaintiff is permitted to
address issues raised in the Defendant's Brief and not fully discussed in her original Brief.  It is not an opportunity to
raise new arguments in support of remand.  In her original Brief, Plaintiff solely argues that the ALJ erred by rejecting
the opinions of the treating pediatrician, Dr. Wehbe, and adopting the findings of the reviewing psychologists.  Now,
in her Reply Brief, Plaintiff inappropriately attempts to shift gears and argue that the ALJ also erred by failing to assign
a specific weight to Dr. Wehbe's opinions.  The Reply Brief is an improper and untimely attempt to raise a new argument
and is stricken.  However, even if considered, the new argument is meritless as it is absolutely clear from the ALJ's
decision that he chose not to afford controlling weight to Dr. Wehbe's opinions and gave them less weight than the
opinions of the reviewing psychologists.  A remand based on this new argument would be a meaningless exercise.

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion (Document No. 10) be DENIED and that the Commissioner's Motion (Document No. 13) be GRANTED.

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on behalf of her eleven year old sister, K.R., on January 3, 2013 alleging disability since January 1, 2010. (Tr. 109-118). The application was denied initially and on reconsideration. Plaintiff requested an Administrative Hearing. On April 3, 2014, a hearing was held before Administrative Law Judge Barry H. Best (the "ALJ") at which time Plaintiff, represented by counsel, appeared and testified. (Tr. 27-45). The ALJ issued an unfavorable decision to Plaintiff on April 25, 2015. (Tr. 7-26). The Appeals Council denied Plaintiff's request for review on October 28, 2015. (Tr. 1-4). Therefore the ALJ's decision became final. A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred in his evaluation of the medical evidence and thus his finding that K.R.'s impairments were not the functional equivalent of a listed impairment is not supported by substantial evidence.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's conclusions are supported by substantial evidence and must be affirmed.

### III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause

for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.     CHILDHOOD DISABILITY DETERMINATION

A child under age eighteen is considered disabled, and is entitled to SSI benefits, if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(c). The Social Security regulations include a three-step test for the purpose of adjudicating children's disability claims under this standard.  20 C.F.R. § 416.924(b)-(d) (2004).  That test, known as the Children's Benefit Analysis, requires the ALJ to determine: (1) whether the child is engaged in "substantial gainful activity," (2) whether the child has "a medically determinable impairment[ ] that is severe," and (3) whether the child's "impairment(s)...meet, medically equal, or functionally equal [a] list[ed impairment]."  Id.  A negative answer at any step precludes a finding of disability.  20 C.F.R. § 416.924a.  "The claimant seeking [childhood] benefits bears the burden of proving that his or her impairment meets or equals a listed impairment."  Hall o/b/o Lee v. Apfel, 122 F. Supp. 2d 959, 964 (N.D. Ill. 2000) (citing Maggard v. Apfel, 167 F.3d 376, 380 (7th Cir. 1999)).

### A.     Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20

C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.      Developing the Record

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.      Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a

consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.     The Three-step Evaluation

The ALJ must follow three steps in evaluating a claim of childhood disability.  See 20 C.F.R. § 416.924.  In particular, the ALJ must determine whether: (1) the child is engaged in substantial gainful activity; (2) the child has an impairment or combination of impairments that is severe; and (3) the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of the regulations.  20 C.F.R. §§ 416.924(b)-(d).  If, at the third step of the analysis, the ALJ determines that the child's impairment does not meet or equal a listed impairment, the ALJ must then consider whether the child's impairment is equivalent in severity to that of a listed impairment (i.e., whether it "results in limitations that functionally equal the listings").  20 C.F.R. § 416.926a(a).  Provisions for functional equivalence are established in 20 C.F.R. § 416.926a.  Stated generally, to functionally equal a listed impairment, a child must demonstrate an "extreme" limitation in one area of functioning, or show "marked" limitation in two areas of functioning.  20 C.F.R. § 416.926a(a).  The ALJ must review the following six areas or "domains" of functioning: acquiring and using information; attending and completing tasks; interacting with others; moving about and manipulating objects; caring for yourself; and health and physical well-being.  20 C.F.R. § 416.926a(b)(1), (g-1).

A "marked" limitation is found where a claimant's impairment(s):

> interferes seriously with your ability to independently initiate, sustain, or complete activities.  Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.  "Marked" limitation also means a limitation

> that is "more than moderate" but "less than extreme." It is the
> equivalent of the functioning we would expect to find on
> standardized testing with scores that are at least two, but less than
> three, standard deviations below the mean.

20 C.F.R. § 416.926a(e)(2)(i). While an "extreme" limitation is found where a claimant's

impairment(s):

> interferes very seriously with your ability to independently initiate,
> sustain, or complete activities. Your day-to-day functioning may be
> very seriously limited when your impairment(s) limits only one
> activity or when the interactive and cumulative effects of your
> impairment(s) limit several activities. "Extreme" limitation also
> means a limitation that is "more than marked." "Extreme" limitation
> is the rating we give to the worst limitations. However, "extreme
> limitation" does not necessarily mean a total lack or loss of ability to
> function. It is the equivalent of the functioning we would expect to
> find on standardized testing with scores that are at least three
> standard deviations below the mean.

20 C.F.R. § 416.926a(e)(3)(i).

### 1.    Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36.

Congress has determined that a claimant will not be considered disabled unless he furnishes medical

and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical

impairment which could reasonably be expected to produce the pain or symptoms alleged. 42

U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms,

including pain, and determine the extent to which the symptoms can reasonably be accepted as

consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the

medical signs and laboratory findings show medical impairments which reasonably could be

expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis

and consider the following factors:

(1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)     Treatment, other than medication, for relief of pain;

(5)     Functional restrictions; and

(6)     The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

## 2.     Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the

implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.     APPLICATION AND ANALYSIS

### A.     The ALJ's Decision

The ALJ followed the three-step child disability evaluation process.  See 20 C.F.R. § 416.924(a)-(d).  At Step 1, the ALJ found K.R. had not engaged in substantial gainful activity since her SSI application date. (Tr. 13).  At Step 2, the ALJ determined K.R. had the severe impairments of ADHD, a learning disorder, and a speech and language impairment. Id.  At Step 3, the ALJ found K.R.'s impairment did not meet or medically equal any impairment in the Listing of Impairments. (Tr. 14).

Next, in considering whether K.R. had an impairment or a combination of impairments that functionally equaled the severity of a listing, the ALJ considered the six functional equivalence domains set forth in the regulations.  (Tr. 20-26); 20 C.F.R. §§ 416.926(g)-(1).  The ALJ found K.R. had less than marked limitations in acquiring and using information; attending and completing tasks; and health and physical well-being.  (Tr. 20-26).  The ALJ also found K.R. had no limitations in interacting and relating with others; moving about and manipulating objects; and caring for herself. Id.  Because the ALJ did not find "marked" limitation in at least two of the domains, or "extreme" limitations in at least one domain, the ALJ found K.R. did not have an impairment or combination of impairments that functionally equaled the severity of a listed impairment and therefore was not disabled.  (Tr. 26); see 20 C.F.R. § 416.926a(d).

### B.     Plaintiff Has Shown No Error in the ALJ's Weighing of Conflicting Medical Opinion Evidence

Plaintiff makes a single argument in support of remand.  (Document No. 10 at pp. 7-8).  She argues that the ALJ should have given more weight to the opinions of Dr. Wehbe, a treating pediatrician.

On November 14, 2013, Dr. Wehbe completed a Functional Assessment check-mark form regarding K.R.'s level of functioning.  (Exh. 8F).  Dr. Wehbe opined that K.R. had marked impairments in the domains of acquiring and using information, and interacting and relating with others.  (Tr. 342-344).  He also opined that K.R. had an extreme impairment in attending and completing tasks.  (Tr. 343).  Dr. Wehbe only supported the latter opinion by generally noting a problem focusing and learning difficulties.  Id.  He offered no other support for his opinions.  If the ALJ accepted these opinions, a finding of disability would be required.

The ALJ did not accept these opinions.  He found that they were:

> not entirely supported by the record as the evidence reflected that the claimant was progressing academically with supports and had repeated no grades; had improved concentration/attention with ADHD medication; and was described as having friends, being pleasant, cooperative and friendly.  Further, there are no records since the alleged onset date of disability evidencing any regular visits to establish a basis for his findings, particularly as the claimant's teacher of two years assessed none to slight problems acquiring and using information based on a 2nd grade curriculum; none to slight problems attending and completing tasks; no problem interacting and relating with others as she was very personable and funny with no trouble making or keeping friends; no problem moving objects though she was a bit overweight; and no problem caring for self.

(Tr. 20).

Because a treating physician is typically able to provide a detailed longitudinal picture of a patient's impairments, an opinion from a treating source is generally entitled to considerable weight if it is well supported by clinical findings and not inconsistent with other substantial evidence of

record.  20 C.F.R. § 416.927(c).  The amount of weight to which a treating source opinion is entitled depends in part on the length of the treating relationship, the frequency of the examinations and the extent of support for an opinion.  Id.  If a treating source's opinion is not given controlling weight, the opinion must be evaluated using the enumerated factors and "good reasons" provided by the ALJ for the level of weight given.  20 C.F.R. § 416.927(c)(2).

As noted, Dr. Wehbe's opinion consists almost entirely of check-mark answers and provides no clinical or diagnostic support for his assessments.  (Tr. 342-345).  The only "support" Dr. Wehbe identified for his opinion was to indicate that K.R. had problems focusing and learning difficulties. (Tr. 343).  The ALJ also accurately noted that "there are no records since the alleged onset date of disability evidencing any regular visits to establish a basis for [Dr. Wehbe's] findings...."  (Tr. 20). Unsupported, checkbox opinions, such as that provided by Dr. Wehbe, may be rejected by the ALJ. See 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); Rodriguez v. Sec'y of HHS, 46 F.3d 1114, 1995 WL 45781 at *4 (1st Cir. 1995) (table decision) ("The ALJ need not accept an opinion of a physician – even a treating physician – if it is conclusory and brief and unsupported by clinical findings") (internal quotations and citation omitted); Greene v. Astrue, No. 11-30084, 2012 WL 1248977 at *3 (D. Mass. Ap. 12, 2012) ("A treating physician's opinion may be discounted if it contains checkbox assessments without sufficient narrative to explain the basis for the opinion.") (internal quotations and citation omitted).

Plaintiff concedes that Dr. Wehbe had not treated K.R. on a regular basis at the time he completed the Functional Assessment.  (Document No. 10 at p. 8).  In fact, it appears from the record that Dr. Wehbe had not seen K.R. regularly in over three years – his last treatment note being

dated June 26, 2010.  (Tr. 331).  Nevertheless, Plaintiff contends Dr. Wehbe could have relied upon the records of his colleague, Dr. Hasan, whose treatment notes Plaintiff claims support Dr. Wehbe's opinions.  Even putting aside the lack of support in the record for the assumption that Dr. Wehbe reviewed Dr. Hasan's notes, Dr. Hasan's treatment notes do not support Dr. Wehbe's opinion.  To the contrary, while Dr. Hasan's notes reflect K.R.'s diagnoses, they also indicate K.R.'s adjustment to her new school "has been fairly positive" and that a SKAMP scale ADHD evaluation completed by K.R.'s teacher was "encouraging in terms of self-regulation, attention and engagement."  (Tr. 339-340).  Dr. Hasan also noted that K.R.'s problems at home "appear[ed] to be related to parenting style and expectations."  (Tr. 340).  Accordingly, not only did Dr. Wehbe not provide any support for his Functional Assessments, but also Plaintiff's reliance on Dr. Hasan's treatment notes to shore up  Dr. Wehbe's assessment, is both speculative and factually unsupported.

Plaintiff also acknowledges that the opinions of K.R.'s teacher appear to contradict Dr. Wehbe's opinions.  (Document No. 10 at p. 8).  However, she argues that they "do not necessarily" contradict Dr. Wehbe's findings because of the educational "context" in which the teacher was evaluating K.R.  Id.  In other words, Plaintiff argues that the ALJ could have reached a different conclusion but she has not shown that the ALJ reached an unsupported conclusion.

Here, the ALJ's conclusions are supported by the record and must be affirmed.  For example, as to the domain of acquiring and using information, the ALJ accurately observed that K.R. never repeated a grade in school and that her speech therapy ended in third grade due to goal achievement. (Tr. 21; Tr. 34, 273-274).  Mr. Austin, a speech pathologist, noted that K.R. easily engaged in evaluation tasks and was able to maintain attention and focus to task.  (Tr. 21; Tr. 273).  Moreover, K.R.'s teacher reported that she had no more than slight problems acquiring and using information

in the context of her second grade curriculum.  (Tr. 21; Tr. 164).  Finally, both State Agency

reviewing psychologists concluded that K.R. had less than marked limitation in this domain.  (Tr.

49, 59).[2]  <u>Castro v. Barnhart</u>, 198 F. Supp. 2d 47, 54 (D. Mass. 2002) (The ALJ "may reject a

treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the

record, even if that evidence consists of reports from non-treating doctors.").

 The ALJ weighed conflicting evidence in this record, and Plaintiff has shown no error in his

ultimate decision to favor the opinions of the reviewing psychologists over the conclusory and

unsupported opinions of Dr. Wehbe.  "The ALJ's resolution of evidentiary conflicts must be upheld

if supported by substantial evidence, even if contrary results might have been tenable also." <u>Benetti</u>

<u>v. Barnhart</u>, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (<u>citing</u>

<u>Rodriguez Pagan v. Secy' of HHS</u>, 819 F.2d 1 (1st Cir. 1987)).  In other words, the issue presented

is not whether this Court would have found Plaintiff's impairments to be disabling but whether the

record contains sufficient support for the ALJ's non-disability finding.

 Plaintiff is a young adult who is raising her two younger sisters including K.R.  In his

decision, the ALJ appropriately commended Plaintiff for "taking much responsibility in rearing her

two younger siblings."  (Tr. 19).  I also acknowledge my respect and admiration for Plaintiff's

efforts and sacrifice.  However, the outcome of this case is not a reflection on those efforts.  This

case is about whether the ALJ committed any errors in his determination that K.R. did not meet the

childhood disability standards under the Social Security Act.  Since Plaintiff has shown no error in

the ALJ's evaluation of the medical opinions and other evidence of record, there is no basis for

reversal and remand of this disability benefits denial.

---

[2] The review psychologists, Dr. Clifford and Dr. Hughes, also found that K.R. had no limitation in interacting and relating with others and a less than marked limitation in attending and completing tasks.  (Exhs. 1A and 3A).

## VI.     CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 10) be DENIED and that Defendant's Motion to Affirm (Document No. 13) be GRANTED. Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2016